

JUDGE SPRIZZO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 1890

| | |
|---|---|
| ZENITH SHIPPING LONDON LTD.,<br><br>Plaintiff,<br><br>- against -<br><br>SAMRUDDHA OVERSEAS LTD.,<br><br>Defendant. | 08 Civ.<br><br>ECF CASE |

## VERIFIED COMPLAINT

Plaintiff, ZENITH SHIPPING LONDON LTD. ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, SAMRUDDHA OVERSEAS LTD., (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a place of business in the United Kingdom.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a place of business in India.

4. By a charter party entered into on the Amended Gencon 1994 form dated September 4, 2007, Plaintiff chartered to Defendant the M/V VORIOS IPIROS HELLAS (the "Vessel") for a carriage of iron ore fines from India to China. *See Charter Party attached as Exhibit 1.*

5. At the loadport of Visakhapatnam the cargo of iron ore fines was stored in the open during heavy rains and the cargo was observed to be wet and lumpy. This caused the grabs to be loaded over the spill openings as the over-grabbed cargo did not flow freely away, increasing the load forces on the grabs.

6. The crane operators, being the responsibility of the Defendant under the charter party, operated the cranes in a negligent manner which caused wires to part and pulleys to be damaged.

7. Additionally, damage was caused to all five grabs on board the Vessel and to the Vessel's rails by the rough handling.

8. Delay was occasioned by the damage to the Vessel's gear which gave rise to a claim of demurrage against Defendant, *i.e.*, liquidated damages in favor of Plaintiff for delays in loading and/or discharging.

9. The Vessel proceeded to Lashan, China, where the cargo was discharged by October 13, 2007, where shore equipment was used for the discharge. The damaged grabs remained on board the Vessel.

10. The cost to repair the Vessel's equipment, which was damaged by Defendant, is $141,773.00 as best as can now be determined.

11. As a result of the delays incurred by the Vessel, demurrage incurred in the amount $73,163.28 for which Defendant is liable to Plaintiff. *See Demurrage Calculation attached as Exhibit 2.*

12. As a result of its breach of the Charter Party contract, Defendant owes to Plaintiff the sum of $214,936.28, no portion of which has been paid despite due demand.

13. Pursuant to the charter party, all disputes are to be submitted to arbitration in London with English Law to apply. Plaintiff has commenced arbitration against Defendant.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $214,936.28; |
| B. | Interest on principal claim at 6.5% compounded quarterly for three years: | $45,869.03 |
| C. | Attorneys' fees and costs of arbitration: | $140,000.00 |
| **Total:** | | **$400,805.31** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

16. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$400,805.31** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: February 26, 2008
New York, NY

The Plaintiff,
ZENITH SHIPPING LONDON LTD.,

By: ______________________

Anne C. LeVasseur
Charles E. Murphy
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
acl@lenmur.com
cem@lenmur.com

**ATTORNEY'S VERIFICATION**

State of New York )
) ss.: New York City
County of New York )

1. My name is Anne C. LeVasseur.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: February 26, 2008
New York, NY

Anne C. LeVasseur

# Exhibit 1



Case 2:08-cv-01890-JES Document 1 Filed 02/26/2008 Page 8 of 25

| 1. Shipbroker | RECOMMENDED THE BALTIC AND INTERNATIONAL MARITIME CONFERENCE UNIFORM GENERAL CHARTER (AS REVISED 1922, 1976 and 1994) (To be used for trades for which no specially approved form is in force) CODE NAME: "GENCON" Part I |
|---|---|
| FRONTLINE MARITIME LIMITED ATHENS - GREECE TEL: +30 210 8090015 FAX: +30 210 8014718 | 2. Place and date MUMBAI INDIA DATE 04 SEPTEMBER 2007 |
| 3. Owners / Place of business (Cl. 1) ZENITH SHIPPING LONDON LIMITED 140 FENCHURCH STREET LONDON EC 6BL UK | 4. Charterers / Place of business (Cl. 1) SAMRUDDHA OVERSEAS LTD 5TH FLOOR A BLOCK, SHIVSAGAR ESTATE DR ANNIE BESANT ROAD - WORLI MUMBAI 400025 INDIA TEL: +91 22 66619659 |
| 5. Vessel's name (Cl. 1) MV VORIOS PIPOS HELLAS | 6. GT/NT (Cl. 1) 22168 / 14029 |
| 7. DWT all told on summer load line in metric tons (abt.) (Cl. 1) 39781.40 MT ON 10.90M SW | 8. Present position (Cl. 1) TRADING |
| 9. Expected ready to load (abt.) (Cl. 1) 08 SEPTEMBER 2007 | |
| 10. Loading port or place (Cl. 1) 1 SP 1 SB VIZAG - EC INDIA | 11. Discharging port or place (Cl. 1) 1 SBP NORTH CHINA MAIN PORT - INTN XINGANG DISCH PORT TO BE DECLARED VESSEL PRIOR PASSING SINGAPORE EAST BOUND |
| 12. Cargo (also state quantity and margin in Owners' option, if agreed; if full and complete cargo not agreed state "part cargo") (Cl. 1) MIN 33000 M/TONS MAX 34000 M/TONS IN CHARTERERS OPTION BULK IRON ORE FINES OF ONE GRADE | |
| 13. Freight rate (also state whether freight prepaid or payable on delivery) (Cl. 4) USD 36.75 PMT FIOST BASIS 1/1 IF CGO QTY 34000 MTONS USD 37.25 PMT FIOST BASIS 1/1 IF CGO QTY 33500 MTONS USD 37.75 PMT FIOST BASIS 1/1 IF CGO QTY 33000 MTONS | 14. Freight payment (state currency and method of payment; also beneficiary and bank account) (Cl. 4) SEE CLAUSE 30 RIDERS |
| 16. State if vessel's cargo gear shall not be used (Cl. 5) | 15. Laytime (if separate laytime for load. and disch. is agreed, fill in a) and b). If total laytime for load. and disch., fill in c) only) (Cl. 6) |
| 17. Shippers/Place of business (Cl. 6) | a) Laytime for loading 7000 MT PWWD SHINC |
| 18. Agents (loading) (Cl. 6) CHARTERERS AGENT - SEE ANNEXURE | b) Laytime for discharging 15000 MT PWWD SHINC |
| 19. Agents (discharging) (Cl. 6) CHARTERERS AGENT | c) Total laytime for loading and discharging LAYTIME NON-REVERSIBLE |
| 20. Demurrage rate and manner payable (loading and discharging) (Cl. 7) USD 15000 PD PR HD WTS BOTH ENDS | 21. Cancelling date (Cl. 9) 16 SEPTEMBER 2007 |
| | 22. General Average to be adjusted at (Cl. 12) LONDON |
| 23. Freight Tax (state if for the Owners' account) (Cl. 13 (c)) OWNERS ACCOUNT - SEE RIDER CLAUSE | 24. Brokerage commission and to whom payable (Cl. 15) 1.25% ADDRESS + 1.25% SHEILA NAIR (AIR N SEA) AND 1.25% TO FRONTLINE MARITIME LIMITED |
| 25. Law and Arbitration (state 19 (a), 19 (b) or 19 (c) of Cl. 19; if 19 (c) agreed also state Place of Arbitration) (if not filled in 19 (a) shall apply) (Cl. 19) ARBITRATION IN LONDON - ENGLISH LAW | |
| (a) State maximum amount for small claims/shortened arbitration (Cl. 19) | 26. Additional clauses covering special provisions, if agreed CLAUSES 28-47 TO DEEMED TO BE FULLY INCORPORATED IN THIS CHARTER PARTY |

It is mutually agreed that this Contract shall be performed subject to the conditions contained in this Charter which shall include Part I as well as Part II. In the event of a conflict of conditions, the provisions of Part I shall prevail over those of Part II to the extent of such conflict.

| Signature (Owners) | Signature (Charterers) |
|---|---|
| ZENITH SHIPPING LONDON LIMITED | SAMRUDDHA OVERSEAS LTD., MUMBAI |

ZENITH SHIPPING LONDON LIMITED

This Charter Party is a computer generated copy of the GENCON form printed under licence from BIMCO. Any insertion or deletion to the form must be clearly visible. In the event of any modification made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply.

PART 2

"Gencon" Charter (As Revised 1922, 1976 and 1994)

[illegible]





PART II
"Gencon" Charter (As Revised 1922, 1976 and 1994)

12. General Average and New Jason Clause

[illegible]

13. Taxes and Dues Clause

(a) On Vessel – [illegible]

(b) On cargo – [illegible]

(c) On freight – [illegible]

14. Agency

[illegible]

15. Brokerage

[illegible]

16. General Strike Clause

(a) [illegible]

(b) [illegible]

(c) [illegible]

17. War Risks ("Voywar 1993")

(1) [illegible]

(2) [illegible]

(3) [illegible]

(4) [illegible]

(5) [illegible]

(6) [illegible]

(7) [illegible]

18. General Ice Clause

Port of loading

(a) [illegible]

(b) [illegible]

(c) [illegible]

MUMBAI

ZENITH SHIPPING

PART B

"Gencon" Charter (As Revised 1922, 1976 and 1994)

Port of discharge

(a) Should ice prevent the Vessel from reaching port of discharge the Charterers shall have the option of keeping the Vessel waiting until the re-opening of navigation and paying demurrage, or of ordering the Vessel to a safe and immediately accessible port where she can safely discharge without risk of detention by ice. Such orders to be given within 48 hours after the Master or the Owners have given notice to Charterers of the impossibility of reaching port of destination.

(b) If during discharging the Master for fear of Vessel being frozen in deems it advisable to leave, he has liberty to do so with what cargo he has on board and to proceed to the nearest accessible port where she can safely discharge.

(c) On delivery of the cargo at such port, all conditions of the Bill of Lading shall apply and Vessel shall receive the same freight as if she had discharged at the original port of destination, except that if the distance of the substituted port exceeds 100 nautical miles, the freight on the cargo delivered at the substituted port to be increased in proportion.

19. Law and Arbitration

Any dispute arising out of or in connection with this charter party shall be determined in accordance with English Law and shall be submitted to Arbitration in London before a panel of three arbitrators, one appointed by each Party and third by the two so chosen. A party receiving notice of appointment of the other party's arbitrator shall have 14 days within which to appoint an Arbitrator, absent which appointment the originally appointed arbitrator will act as sole arbitrator. Irrespective of the amount claimed and/or in dispute, the LMAA claims procedure shall in no event apply.

ZENITH SHIPPING LONDON LIMITED

**PART II**

"Gencon" Charter (As Revised 1922, 1976 and 1994)

[illegible] capacity and/or safety of crew may be required during vessel's next regular drydock concurrently with owners work and charterers to pay owners the repair costs against vouchers and also for the time [illegible] as the time exceeds the time necessary to carry out owners work. Charterers have the right to be represented at the time of repairs in drydock. Owners to give charterers reasonable notice of same. Charterers to remain ultimately responsible for stevedores damages including time lost.

[illegible] discharge of ships board or vessels or [illegible] other than [illegible] in addition to the [illegible] vessels or [illegible] in [illegible] of contract.

ZENITH SHIPPING LONDON LIMITED

This Charter Party is a computer generated copy of the original GENCON (as revised 1922, 1976 and 1994) form, which can be modified, [illegible] added [illegible] by the [illegible] of [illegible]. [illegible] by the author.

MY VORIOS IPIROS HELLAS A/C SAMRUDDHA OVERSEAS LTD
C/P DATED : 04 SEPTEMBER 2007

RIDER CLAUSES

Clause No 20

Freight: USD 36.75 per metric ton FIOST basis 1/1 if cargo quantity 34000 m/tons
Freight: USD 37.25 per metric ton FIOST basis 1/1 if cargo quantity 33500 m/tons
Freight: USD 37.75 per metric ton FIOST basis 1/1 if cargo quantity 33000 m/tons

Freight payable 100% less commissions only within 4 banking days after completion of loading to owners nominated bank in US Dollars currency. Charterers within above 4 banking days have to present at least official SWIFT details taken from their bank.

Bs/L to be "freight payable as per C/P dtd 04 September 2007. Charterers have the option to issue Bs/L "Freight Prepaid" but "Freight Prepaid" Bs/l will remain at the charterers nominated agents custody and will be released with owners written instructions to the agents and only after receiving 100% of freight less commissions at their bank account.

Demurrage/dispatch if any, to be settled within 15 days of completion of discharging and submission of Laytime statements and NOR signed by all concerned. Owners/charterers to accept Statement of Facts and Laytime statements by fax/email.

Owners Bank Details :
Bank :
SWIFT :
Account No :
Beneficiary :
Corres Bank :
SWIFT :

Clause No.21

LOADING CONDITIONS:

1. Cargo shall be loaded on average rate of 7000 metric tons per weather working day of 24 running hours Sundays Holidays included. Vessel to furnish necessary certifications as provided under regulations prevailing at the loading port.
2. All load port dues including pilotage will be to Owners account. First shifting from anchorage to berth will be to Owns time and account. Further shifting from berth to berth or berth to anchorage and back to berth will to charterers time and account.
3. Other charges and/or taxes charged on the vessel customary at the load port shall be paid by the ship owner.

ZENITH SHIPPING
LONDON LIMITED



4. The vessel shall comply with the rules and regulations of the loading port in respect of loading of the vessel and other related matter.
5. The stowage plan duly signed by the Master of the vessel be delivered in triplicate immediately after completion of loading and before sailing of the vessel.
6. The ship owner shall ensure issue of the Bill of Lading at the load port immediately from the date of completion of loading of iron ore into the vessel in case of using Bill(s) of Lading market "freight payable as per c/p".
7. Master of the vessel to give Charterers 5/2/1 days notice of the Expected Time of Arrival (ETA) of Expected Time of Readiness (ETR) of the vessel at load port to Shipper/Charterers/Agents.
8. The notice of readiness (NOR) to be tendered on the vessel arrival 1st sea pilot Station at both end WIPON, WISON, WICON, WIFPON.
9. The Master to tender NOR to Chrts or his agent between 07.00 am to 17.00 hrs on all days, Sundays holidays included. If loading commences anytime Laytime to commence upon starting loading time.
10. Ows/Master/Agent at load port should issue B/L in accordance with mate receipts.

LAYTIME:

- Laytime for loading shall commence after 12 hours of tendering NOR as mentioned in Clause 9 unless sooner commenced. If sooner commenced, actual time used to count as laytime.
- The time lost in waiting for berth will count as lay time.
- Any time used for shifting of the vessel at the Master's request, not to count as Lay time unless for cargo purposes.
- Any time used for intermediate opening & closing of hatches to count as lay time.
- Once the vessel is on demurrage, she shall be considered always on demurrage.
- Shifting time from anchorage to the berth shall not to count as lay time.
- If after berthing, AS PER INDEPENDENT SURVEYOR'S REPORT, vessel is not ready in all respects to load, time from such discovery thereof until the vessel is again ready to load shall not count as laytime. At loading port, if owners dispute the surveyors report, then independent surveyor will be mutually appointed by both parties and his findings will be binding to both parties. Cost will be covered by party in default.
- The Bill of lading weight in metric tons shall be used for calculation of lay time allowed for loading.

Clause No.22

DISCHARGING TERMS.

1. Discharging rate would be 13000 tons metric per weather working day Sundays Holidays included.
2. Master to give Notices at discharging port 5/3/2/1 days notice.
   Notice of readiness (NOR) to discharge shall be tendered to Consignee/Charterers or its nominated agent at port of discharge between 07.00 hrs and 17.00 hrs on all days Sundays holidays included only after the vessel has arrived to port limits. WIBON, WIPON, WIFPON, WICCON.
   Charterers to give the notification addresses to the Master/Owners of the Consignee where to give NOR.

ZENITH SHIPPING
LONDON LIMITED



2. LAYTIME:

- Lay time for discharging shall commence after 12 hours of tendering NOR as mentioned in Clause 22 (2) unless sooner commenced. If sooner commenced, actual time used to count as laytime.
- The time lost in waiting for berth will count as lay time.
- Any time used for shifting of the vessel at the Master's request, not to count as Lay time unless for cargo purposes.
- Once the vessel is on demurrage, she shall be considered always on demurrage.
- Shifting time from anchorage to the berth shall not to count as lay time.
- Time lost in moving on or off a berth or from one berth to another or berth to anchorage and back shall count as lay time used if requested by Consignee or the relevant port authority.

3. At the Load and Discharge ports, all dues, taxes and charges on to the cargo, if any, shall be paid by charterers and all port dues, pilotage, quay, tonnage and other charges and or taxes charge on the vessel customary to the port shall be paid by the owners provided same form part of vessel's port D/A.
4. deleted.

Clause No.23

Time for first opening and closing of hatches and rigging of the derrick/cranes before commencement of the loading-discharge not to count as well as preparing ship gear for loading and discharging operations at each port to be done by vessel's crew and time used for such operations not to count as lay time.

Clause No.24

The holds of the vessel to be cleaned, swept, dry and free of smell to the satisfaction of shippers' surveyors. In case the vessel fail/ rejected on hold cleanliness survey then all after rejection time lost not count until vessel pass her holds. Owners right can be represented by Master or Owners appointed surveyor. If the owners dispute the surveyors report, then an independent surveyor will be mutually appointed by both parties and his findings will be binding to both parties. Cost will be covered by party in default.

Claule No.25

Overtime at both loading and discharging ports to be for account of party ordering the same. Overtime ordered by port other authorities then same to be for charterers account. Overtime of officers and crew always remain for owner's account.

ZENITH SHIPPING
LONDON LIMITED



**Clause No.26**

Vessel should supply free use of grabs under Master's supervision and guidance and light cluster on board for night work

**Clause No.27**

Charterers to be fully responsible for all damages caused to the vessel and/or her equipment by stevedores and/or charterers servants/agents. Master to notify charterers or their agents in writing/telex/cable of such damage within 24 (twenty four) hours of occurrence or in case of hidden damage as soon as practicable after discovery of same, however, in any case prior to vessels redelivery.

Master to co-operate with charterers or their agents in notifying the party who caused the damage and to hold them responsible. If requested by charterers, Master to co-operate with the agents to arrange for a survey at charterers time and expense to define, estimate the extent of damage. Damages which affects vessel's seaworthiness and/or class and/or working/trading capacity and/or safety of crew to be repaired by charterers without delay after each occurrence and prior to sailing next port in charterers time and cost. Such repairs to be carried out to class surveyor's approval.

Damages which do not affect vessel's seaworthiness and/or class and/or working/trading capacity and/or safety of crew may be repaired during vessel's next regular drydock concurrently with owners work and charterers to pay owners the repair costs against vouchers and also for the time (insofar as the time exceeds the time necessary to carry out owners work). Charterers have the right to be represented at the time of repairs in drydock. Owners to give charterers reasonable notice of same. Charterers to remain ultimately responsible for stevedores damage including the time lost.

**Clause No.28**

Charterers nominated agents at load port & discharge port

Load Port Agents: **ROY & CHATTERJEE PVT LTD**
**ROYNCHATT BUILDING # 25-12-36 GODEYVARI STREET**
**VIZAG - INDIA 530001 TEL: +91 891 2508323**
**FAX: +91 891 2525881 MOB:+91 9866739 57**
**EMAIL: roynchatt@yahoo.com**
**CTC MR UNNI KRISHNAN**

Discharge Port Agents will be intimated to the owners at the earliest.

ZENITH SHIPPING
LONDON LIMITED

Clause No.29

Performing Vessel :

MV 'VORIOS IPIROS HELLAS' - GRABBER
FLAG : PANAMA
PORT REGISTRY : PANAMA
CALL SIGN : HBRV
INMARSAT : 435392910
TYPE : BULK CARRIER
SUMMER DWAT : 37,851.40 MTS ON 10.91 M SW WINTER DWAT : 36,793 MTS ON 10.681 M SW BUILT : 1982
CLASS : RUSSIA REGISTER H100 A1 BC ESP HMC LOA : 193.84M BEAM : 27.60 M DEPTH MOULDED : ABT 14.80M GT/NT : 22,069/14,029 HOLDS/HATCHES : 7/7 TYPE HATCHCOVER : MCGREGORS

GEAR
5 CRANES X 25 MTS (SWL 19.5 MTS INCL GRAB) WHEN YOU ATTACH GRABS ON HER GEAR THEN S.W.L. IS REDUCED TO 19.50 MTS INCLUDING THE WEIGHT OF THE EMPTY GRAB.
GEAR OUTREACH : 6.2 M FROM SHIPSIDE
GRABS:5 X 8 CBM EACH MECHANICAL GRABS
GRABS ARE OF TOUCH OPENING TYPE
WEIGHT OF EACH EMPTY GRAB IS ABT 6 MTS
CAPACITY OF EACH GRAB CAN BE REDUCED TO 5 CBM

| GRAIN/BALE | 1,596,539/1,501,556 |
|---|---|
| NO 1 | 178,174/166,345) |
| NO 2 | 239,225/224,748 |
| NO 3 | 209,317/195,229 |
| NO 4 | 279,937/266,026 |
| NO 5 | 206,175/192,969 |
| NO 6 | 280,714/266,132 |
| NO 7 | 202,997/188,838 |

HATCH SIZE(M)

| | |
|---|---|
| 1/3/5/7 | 9.310 X 13.536 |
| 2 | 11.860 X 13.536 |
| 4/6 | 15.360 X 13.536 |

DIMENTIONS ON THE TANK TOP

| | LENGTH | FWD(M) | AFT(M) |
|---|---|---|---|
| 1 | 17.00 | 6.6 | 17.40 |
| 2 | 19.50 | 18.00 | 20.36 |
| 3. | 17.00 | 20.40 | 20.40 |
| 4. | 22.50 | 20.40 | 20.40 |
| 5. | 17.00 | 20.40 | 20.40 |
| 6. | 22.50 | 20.40 | 20.40 |
| 7 | 16.50 | 20.40 | 18.00 |

ZENITH SHIPPING LONDON LIMITED



HEIGHT FROM TT TO MAINDECK : 13.20 M
TYPE TANKTOP : STEEL
TANKTOP STRENGTH :22.5 MT/M2
H/C STRENGTH : 1.6 MT/M2
DECK STRENGTH : 2.5 MT/M2
VENTILATION : NATURAL
SUITABLE GRAB DISCH : YES
WING/SHOULDER TANK : YES
DEEP TANKS : NO

LAKES FITTED : NO
LOGS FITTED : NO
AUS HDL FITTED : YES
SUEZ/PAN FITTED : YES
CO2 FITTED : NO
TPC : 36.7 MTS BASIS SUMMER DRAFT

**Clause No.30**

All taxes and dues if any on cargo /documents/wharf to be for Charters'/Shippers/Receivers account. All taxes and dues if any on vessel/flag/freight to be on Owners' account.

**Clause No.31**

In the event of the loss of time due to boycott of the vessel by shore labour or arising from the Government restriction by reasons of the vessel flag or the terms by within members of the crew are employed, or by reasons of operational or control, lay time shall cease to count and Owners /vessel to be responsibility directly related expenses occurred.

**Clause No.32**

General Average Clause, General clause Paramount or USA Clause Paramount new both to blame collision clause, P&I bunker deviation clause, Arbitration clause of this charter party, New Jason clause, BIMCO Voywar 2004, BIMCO ISPS/MTSA clause 2005 for voyage charter parties, all are deemed to be part of and incorporated in this charter party and in all bill(s) of lading issued herein.

**Clause No.33**

First shifting from anchorage to berth at loading and discharging port(s) to be for OWNERS TIME and account.

ZENITH SHIPPING
LONDON LIMITED



Clause No.34

Vessel not to change Ownership between time of arrival at loading port and completion of voyage and discharge at destination.

Clause No.35

Upon arrival at discharge port, if original Bs/L not available, Master/Agents/Owners to discharge the cargo and to be kept under port/agents custody on charterers risk and expenses. Cargo to be released on presentation of original Bs/L unless charterers opt to release the same on LOI (Wordings as per owners P&I). If cargo released on LOI, charterers undertake to surrender the original Bs/L within 21 days from date of release of the cargo.

Clause No.36

Lighterage/Lightering if any to be for charterer's account arrangement / account / time.

Clause No.37

Draft survey fees to be for Charterers account both ends.

Clause No.38

Owners undertake to confirm that the vessel free from maritime liens or encumbrances of pass and present Owns' relating to the supply of bunker, provisions, crew wages, loans, installments on ship/repair or of any creditors. In case of arrest of the vessel during the currency of this Charter and voyage, Owners and managers (if managers are involved) shall make remedial action at once for completing this voyage and discharge the cargo at destination. Direct cost, liabilities, consequences arising out of such arrest shall be solved to Owners account.

Clause No.39

This fixture to be kept fully private and confidential.

Clause No.40

Master to authorize agents Roy & Charterjee Pvt Ltd., Vizag with relevant authority letter to sign Bills of Lading on his behalf, always in strict conformity with Mate's receipt. Agents to release Bills of Lading only after obtaining the approval of owners/owners managers. In any case, if "Freight Prepaid" bills of lading requested, then same to remain under agents custody and will only then be released once 100 % freight less commissions has been safely received into owners bank account.

SAMRUDDHA OVERSEAS LTD. MUMBAI

ZENITH SHIPPING LONDON LIMITED

Clause No.41

Owners declare and confirm that the vessel is fully P&I covered for the said voyage including the cargo risk and shall not be sold or scraped during the currency of the Charter and is having valid ISM certificate and certificate of compliance.

Clause No.42

Shore crane if ordered, to the account of ordering party but owners/vessel to provide 5x25 tons cranes and 5x8 cbm grabs in good working condition.

Clause No.43.

From the date of coming into force of the International Safety Management (ISM) code in relation to the vessel and thereafter procure that both the vessel and "the Company" (as defined) by ISM request the Owners shall provide a copy of the relevant Documents of Compliance (DOC) and Safety management certificate (SMC) to the Charterers, except as otherwise provided in the charter party, loss, damage, expenses or delay cased by failure on the part of the Owners or "the Company" to comply with the ISM code shall be for the owners account.

Clause No.44

Owners to allow Receiver's Stevedores to lower the pay loaders inside the hold/hatch for sweeping of cargo which is the standard practice during discharging provided Master Approval and the weight of pay loaders does not exceed the permissible tank top strength but subject to Master's approval.

Clause No.45

All main terms of this fixture is valid for this charter party.

Clause No.46

12 hours turn time both ends non reversible unless used if used to count.

Clause No. 47

Any extra insurance on cargo to be for charterers account.

ZENITH SHIPPING
LONDON LIMITED

**Clause No. 48**

Cargo always to be loaded/stowed/trimmed/carried and discharged in strict accordance with local/national and IMO regulations.

**Clause No. 47**

Owners to provide class certificate, ship's registry certificate, and valid gear certificate for the duration of this voyage prior to loading of the vessel. Owners to comply vessel documents required as per GIC format required for clearance of insurance company before arrival of vessel. The vessel owner shall provide the following documents. Any other documents if required shall be provided by the vessel Owner:

1 - Classification certificate
2 - Registry certificate
3 – Hull and machinery insurance
4 – ISM compliance
5 – P&I certificate
6 - All trading certificates.

**OWNER**

Authorized Company Stamp/Signature

ZENITH SHIPPING
LONDON LIMITED

**CHARTERER**

Authorized Company Stamp/Signature

# Exhibit 2

Loading Port Visakhapatnam

Lay time calculation

| | | |
|---|---|---|
| Vessel arrived | Monday 10/09/07 | 09:40 hrs |
| Tendered NOR | Monday 10/09/07 | 12:30 hrs |
| Time starts to count | 11/09/07 | 00:30 hrs |
| Shifting time from the anchorage to berth | 13/09/07 | from 16:30hrs to 18:20 hrs ( time not to count 1hrs 50 min) |
| Loading completed | 21/09/07 | 02:00 hrs |

Excluded time due to rain
Time not to count

| | | |
|---|---|---|
| 14/09/07 | FROM 16:50 -18:00 HRS | 1HR 10MIN |
| | FROM 19:30 -23:00 HRS | 3HR 30MIN |
| | | TTL 4HRS 40MIN |
| 15/09/07 | FROM 08:20-10:30 HRS | 2HR 10MIN |
| | FROM 12:00-13:30 HRS | 1HR 30MIN |
| | FROM 17:30-18:25 HRS | - 55 MIN |
| | | TTL 4HRS 35MIN |
| 16/09/07 | FROM 07:00-09:30 HRS | 2HR 30MIN |
| | FROM 12:00-12:30 HRS | - 30MIN |
| | FROM 14:30-15:00 HRS | - 30MIN |
| | FROM 20:00-21:00 HRS | 1HR |
| | | TTL 4HRS 30MIN |
| 17/09/07 | FROM 01:00-02:20 HRS | 1HR 20MIN |
| | FROM 04:15-04:30 HRS | - 15 MIN |
| | FROM 08:20-08:55 HRS | - 35 MIN |
| | | TTL 2HRS 10MIN |
| 18/09/07 | FROM 01:20-02:30 HRS | 1HR 10MIN |
| | FROM 10:00-11:00 HRS | 1HR |
| | FROM 15:00-16:30 HRS | 1HR 30MIN |
| | FROM 19:30-20:45 HRS | 1HR 15MIN |
| | | TTL 4HRS 55MIN |
| 19/09/07 | FROM 02:20-02:35 HRS | - 15MIN |
| | FROM 12:10-12:20 HRS | - 10MIN |
| | FROM 13;30-13:50 HRS | - 20MIN |

| | | |
|---|---|---|
| | FROM 15:10-15:15 HRS | - 5MIN |
| | FROM 18:05-18:15 HRS | - 10MIN |
| | FROM 22:05-24:00 HRS | 1HR 55MIN |
| | | TTL 2HRS 55MIN |
| 20/09/07 | FROM 00:00-00:20 HRS | - 20MIN |
| | FROM 01:00-05:40 HRS | 4HR 40MIN |
| | FROM 06:00-07:30 HRS | 1HR 30MIN |
| | | TTL 6 HRS 30MIN |

TIME ALLOWED 33,230MT / 7,000MT PER DAY = 4DAYS 18HRS OR 114HRS

LAY TIME STATEMENT

| | | |
|---|---|---|
| 11/09/07 | TIME COUNTS FROM 00:30HRS TO 24:00 HRS | 23HRS 30MIN |
| 12/09/07 | 00:00HRS TO 24:00 HRS | 24HRS |
| 13/09/07 | 00:00HRS TO 24:00 HRS | |
| | LESS SHIFTING TIME 1HR 50MIN | 22HRS 10MIN |
| 14/09/07 | 00:00HRS TO 24:00 HRS | |
| | LESS TTL 4HRS 40MIN HEAVY RAIN | 19HRS 20MIN |
| 15/09/07 | 00:00HRS TO 24:00 HRS | |
| | LESS TTL 4 HRS 35MIN HEAVY RAIN | 19HRS 25MIN |
| 16/09/07 | 00:00HRS TO 05:35HRS | 5HRS 35MIN |

TIME ALLOWED EXPIRED ON 16/09/07 AT 05:35 HRS = 4days 18hrs 00min

16/09/07 FROM 05:35HRS VESSEL ON DEMURRAGES

TIME ON DEMURRAGES

| | | |
|---|---|---|
| 16/09/07 | FROM 05:35HRS TO 24:00HRS | 18HRS 25MIN |
| 17/09/07 | FROM 00:00HRS TO 24:00HRS | 24HRS |
| 18/09/07 | FROM 00:00HRS TO 24:00HRS | 24HRS |
| 19/09/07 | FROM 00:00HRS TO 24:00HRS | 24HRS |
| 20/09/07 | FROM 00:00HRS TO 02:00HRS | 2HRS |

**TOTAL TIME ON DEMURRAGES 4 days 20hrs 25min**

| | |
|---|---|
| 4days x 18,000$ = | 72,000$ |
| 20hrs x 750 $ = | 15,000$ |
| 25min x 12,50 $ = | 312,50$ |
| | **87,312,50$** |
| Less 3,75% | |
| Balance due to Owners | 84,038.28$ |

**Lay time calculation**
**Discharging port Lashan China**

| | | |
|---|---|---|
| Vessel arrived | Thursday 11/10/07 | 08:15hr |
| NOR tendered | Thursday 11/10/07 | 08:15hr |
| Time starts to count | Thursday 11/10/07 | 12:25hr |
| Shifting time | Thursday 11/10/07 | fm 17:00-18:20 (time not to count 1hr 20m) |
| Loading completed | Friday 12/10/07 | 22:00hr |

**Time allowed**
**33,230mt / 13,000per day = 2 days 13hr 20min**

**Lay time statement**

| | | |
|---|---|---|
| 11/10/07 | time to count | 12:25hr |
| 12/10/07 | discharging completed | 22:00hr |

| | |
|---|---|
| | 1 day 9hr 35min |
| Less shifting not to count | - 1hr 20min |
| | 1 day 8 hr 15min |
| Time used | 1 day 5hr = 9,000S/day |
| Dispatch | 10,875 $ |

| | |
|---|---|
| Demurrages at Visakhapatnam | 84,038,28 $ |
| Dispatch at Lashan | - 10,875.00 $ |
| Total balance due to owners | 73,163.28 $ |